U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 4 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SCOTT EUGENE HARRIS, §
§
Petitioner, §
§
v. § No. 4:17-CV-494-A
§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

## MEMORANDUM OPINION and ORDER

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Scott Eugene Harris, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On December 11, 2015, in the 43rd Judicial District Court, Parker County, Texas, Case No. CR14-0583, petitioner entered an open plea of guilty to one count of evading arrest with a vehicle and the trial court entered an affirmative deadly weapon finding and assessed his punishment at seven years' confinement in TDCJ.

(SHR02[1] 56-62, doc. 13-5.) Petitioner did not appeal his conviction or sentence. (Pet. 3, doc. 1.) On April 18, 2016,[2] petitioner filed his first of two relevant postconviction state habeas-corpus applications, which was dismissed by the Texas Court of Criminal Appeals on July 13, 2016, for noncompliance with the state's procedural requirements under Texas Rule of Appellate Procedure 73.1. (SHR01 17, doc. 13-3; Action Taken, doc. 13-1.) The second, filed on March 29, 2017, was denied by the Texas Court of Criminal Appeals on May 24, 2017, without written order. (SHR02 17, doc. 13-5; Action Taken, doc. 13-4.) Petitioner filed this federal habeas-corpus petition challenging his conviction on June 1, 2017.[3] (Pet. 10, doc. 1.)

## II. Issues

Petitioner raises five grounds for relief, the underlying theme of which is that he was unaware of the legal significance of the deadly weapon finding at the time of his plea—*i.e.*, that his sentence would be considered "aggravated" because of such a finding and the effect such a finding would have on his

---

[1] "SHR02" refers to the record of petitioner's state habeas proceeding in WR-85,199-02; "SHR01" refers to the record of his state habeas proceeding in WR-85,199-01.

[2] A pro se petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not provide those dates; thus, for purposes of this opinion, the applications are deemed filed on the dates they were signed by petitioner.

[3] Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

eligibility for parole. In particular, he claims that: (1) he is actually innocent of evading arrest with intent to use a deadly weapon because the indictment did not contain a deadly weapon allegation; (2) his guilty plea was unknowing and involuntary because he was unaware that he would be "charged" with a deadly weapon; (3) his right to due process was violated by the trial court's acceptance of his guilty plea and then "attaching" a deadly weapon finding after entry of the plea; (4) his right to due process was violated by the state's failure to give adequate notice of its intent to seek a deadly weapon finding; and (5) his trial counsel was ineffective by failing to investigate and object to the fact that he was not given adequate notice by the state to "allow" the trial court to "attach [a] deadly weapon finding to [his] sentence." (Pet. 6-7F, doc. 1.) He seeks a "new punishment hearing to delete" the deadly-weapon finding. (Id. at 7.)

### III. Statute of Limitations

Respondent asserts that the petition is untimely under the federal one-year statute of limitations. (Resp't's Answer 7-12, doc. 14.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

3

>            (A) the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>
>            (B) the date on which the impediment to
> filing an application created by State action in
> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
>            (C) the date on which the constitutional
> right asserted was initially recognized by the
> Supreme Court, if that right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
>            (D) the date on which the factual predicate
> of the claim or claims presented could have been
> discovered through the exercise of due diligence.
>
>       (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve matters related to his 2015 plea proceedings, subsection (A) applies to his case. For purposes of that provision, the limitations period begins to run on the date on which the judgment of conviction becomes final by the expiration of the time for seeking direct review. Therefore, petitioner's judgment of conviction became final upon expiration of the time he had for filing a timely notice of appeal on Monday, January 11, 2016.[4] *See* TEX. R. APP. P. 26.2; *Flanagan v.*

---

[4] January 10, 2016, was a Sunday.

4

*Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Thus, the limitations period commenced the next day and expired one year later on January 10, 2017, absent any tolling.[5]

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's first state habeas-corpus application dismissed for noncompliance with the state's procedural requirements was not properly filed for purposes of § 2244(d)(2) and did not operate to toll the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 8 (2000); *Larry v. Dretke,* 361 F.3d 890, 895 (5th Cir. 2004). Nor did his second state habeas-corpus application, filed after limitations had already expired, operate to toll the limitations period. *Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, petitioner's federal habeas petition filed on June 1, 2017, is untimely unless he is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013);

---

[5]The year 2016 was a leap year.

5

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no such showing. He provides no explanation in his petition for the delay and filed no response to respondent's answer raising the limitations defense. Nor does he present new evidence of his actual innocence of the offense for which he stands convicted.

Accordingly, petitioner's federal petition was due on or before January 10, 2017. His petition filed on June 1, 2017, is therefore untimely.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED September 4, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE